| UNITED STATES BANKRUPTCY COURT | ID #13-3716467 |
| --- | --- |
| EASTERN DISTRICT OF NEW YORK | |

-------------------------------------------------------------x

| In Re: | Chapter 11 |
| --- | --- |
| **DORIS PANOS DESIGNS, LTD.,** | Case No. 09-72685-ast |
| | Honorable Alan S. Trust |
| Debtor. | |

-------------------------------------------------------------x

## SECOND AMENDED DEBTOR'S PLAN OF REORGANIZATION

**DORIS PANOS DESIGNS, LTD** (the "Debtor") and Debtor-in-Possession, propose the following Plan of Reorganization (the "Plan") pursuant to Chapter 11 of the Bankruptcy Code, 11 U.S.C. Section 101 et. seq.

## 1. DEFINITIONS

For purposes of this Plan, the following terms shall have the respective meanings as hereinafter set forth (such meanings to be equally applicable to the singular and plural forms of the terms defined, unless the context otherwise requires).

1.1) <u>Administration or administrative claim or claims</u> - Any cost or expense of administration of the Chapter 11 case allowed under Section 503(b) of the Bankruptcy Code, including without limitation, any actual and necessary expenses of operating the business of the Debtor, and all allowances of compensation or reimbursement of expenses for legal or other professional services to the extent allowed by the Bankruptcy Court under Sections 327, 328, 330, 331, 503 and 1103 of the Bankruptcy Code and all fees and charges assessed against the Debtor's estate pursuant to Section 1930 of Title 28 of the United States Code.

1.2) <u>Allowed administrative or administration claim or claims</u> - All or that portion of any administrative or administration claim which is an allowed claim.

1.3) <u>Allowed Claim</u> - Any claim or portion of a claim (a) which is scheduled by the Debtor pursuant to Sections 521(1) and 1106(a)(2) of the Bankruptcy Code (other than a disputed claim); or (b) proof of which had been timely filed with the Bankruptcy Court pursuant to Section 501(a) of the Bankruptcy Code on or before the date designated to the Court as the last date for filing Proofs of Claim, and with respect to which no objection to the allowance thereof has been interposed within the applicable period of limitation fixed by the Bankruptcy Code, Bankruptcy Rules or by an Order of the Court; or (c) which, after objection thereto, has been allowed in whole or in part by a Final

Order.

1.4) Allowed Priority Claim - All or that portion of an allowed claim entitled to priority under Sections 507(a)(3), (4), (6) and (8) of the Bankruptcy Code. Except as may be allowed by the Court in the case of an Allowed Priority Claim under Section 507(a)(8) of the Bankruptcy Code, any interest on such claim which accrued after the filing date, shall be part of the allowed priority claim.

1.5) Allowed Secured Claim - All or that portion of any allowed claim that is secured by a valid enforceable lien on the property of the Debtor, to the extent of the value of such property, as determined by agreement between the Debtor and the holder of such allowed secured claim or by the Court by a Final Order pursuant to Section 506 of the Bankruptcy Code.

1.6) Allowed Unsecured Claim - Any allowed claim that is not an allowed administrative claim, an allowed priority claim or an allowed secured claim. Interest accrued after the filing date shall be a part of any allowed unsecured claim.

1.7) Available cash - All cash of the Debtor, over and above the reserve fund, on the distribution date or on any further distribution date. Available cash shall include but not be limited to: (a) any net proceeds recovered by the Debtor, of an avoided preferential transfer or fraudulent conveyance pursuant to the Bankruptcy Code (b) any net proceeds realized from the sale or liquidation of any assets or property of the Estate or the Debtor, and (c) any additional sums contributed by the Debtor and available for distribution.

1.8) Bankruptcy Code - The Bankruptcy Reform Act of 1978 (11 U.S.C. Sections 101, et. seq.), as amended by the Bankruptcy Amendments and Federal Judgeship Act of 1984 (P.L. No. 98-353) and, as applicable to cases filed before its enactment, the Bankruptcy Reform Act of 1994 (P.L. 103-394) and Title 11 of the United States Code, as amended.

1.9) Bankruptcy Rules - The Rules of Bankruptcy Procedure as applicable to cases under Title 11 of the United States Code.

1.10) Bar Date - (i) with respect to Administrative Claims, including Professional Fee Claims and claims of Governmental Units, thirty (30) days after the Effective Date of the Plan or such other date set by the Bankruptcy Court; and (ii) with respect to all other Claims against the Debtor, the date set by the Bankruptcy Court as the last date for filing Proofs of Claim with respect to such Claims, or the date reset by the Bankruptcy Court for certain creditors.

1.11) Business day - Any day other than a Saturday, Sunday or legal holiday as such term is defined in Bankruptcy Rule 9006.

1.12) Cash- means cash or cash equivalents, including currency, bank checks and wire transfers of immediately available funds.

1.13) Chapter 11 - Chapter 11 of the Bankruptcy Code.

1.14) Chapter 11 case - In re: Doris Panos Designs Ltd, Bankr. Case No. 09-72685-ast.

1.15) Claim - A claim against the Debtor as defined in Section 101(5) of the Bankruptcy Code.

1.16) Claimant - The holder of a claim.

1.17) Claims Objection Bar Date- means the date that is thirty (30) days after the Bar Date, which shall be the deadline by which the Debtor, any of the Proponents or any party-in-interest must interpose an objection to any Claim, including any Claim for which no Proof of Claim is required to be filed, or such Claim shall be deemed an Allowed Claim pursuant to the Plan.

1.18) Class - A class of holders of Allowed Claims described in this Plan.

1.19) Confirmation - Entry of an order by the Court approving the Plan in accordance with Chapter 11.

1.20) Confirmation date - The date upon which the Court enters an order confirming the Plan pursuant to Section 1129 of the Bankruptcy Code.

1.21) Confirmation order - The order entered by the Court confirming the Plan in accordance with Chapter 11.

1.22) Consummation date - The date on which the confirmation order becomes a final order.

1.23) Court - The United States Bankruptcy Court for the Eastern District of New York or such other court as may have jurisdiction over the Debtor's Chapter 11 case.

1.24) Creditor - Any person having a claim against the Debtor that arose on or before the Petition Date or a claim against the Debtor's estate of a kind specified in Sections 502(g), (h) or (i) of the Bankruptcy Code.

1.25) Debtor - means Doris Panos Designs, Ltd.

1.26) Disallowed claim - Any claim or portion thereof that has been disallowed by the Court by a Final Order.

1.27) Disclosure Statement- means the document filed or to be filed in connection with the Debtor's Chapter 11 Case pursuant to Section 1125 of the Bankruptcy Code, and approved by the Bankruptcy Court as containing "adequate information," as that term is defined in Section 1125(a)(1) of the Bankruptcy Code, and any exhibits annexed thereto and any documents delivered in connection therewith, as the same may be amended from time to time by any duly authorized amendment or modification.

1.28) Disputed claim - (a) any Claim or portion of a Claim (other than an Allowed Claim) which is scheduled by the Debtor as disputed, contingent or unliquidated; or (b) a Claim which has been filed pursuant to Section 501(a) of the Bankruptcy Code as unliquidated or contingent; or (c) a Claim which has been filed pursuant to Section 501(a) of the Bankruptcy Code and as to which an objection to the allowance thereof has been interposed within the time limitation by the Bankruptcy Code and Bankruptcy Rules by an Order of the Court, or by this Plan, which objection has not been determined, in whole or in part by a Final Order.

1.29) Distribution- any distribution by the Disbursing Agent made pursuant to the Plan, including payments made pursuant to the Plan to Holders of Administrative and Priority Tax Claims.

1.30) Distribution date - Shall refer to the date of the initial distribution which shall occur within sixty (60) days of the Effective date.

1.31) Effective date - The date on which the confirmation order becomes a final order.

1.32) Entity - Defined at Section 101(15) of the Bankruptcy Code.

1.33) Estate - means the Debtor's bankruptcy estate created in the Chapter 11 Case pursuant to Section 541 of the Bankruptcy Code.

1.34) Estate Actions- means actions and causes of action, whether or not commenced as of the Confirmation Date, including (i) actions arising under the Bankruptcy Code, including, without limitation, Sections 544, 547, 548, 549, 550 and 551 thereof and (ii) Other Causes of Action which constitute Estate Assets. Estate Actions shall be prosecuted by the Debtor on behalf of Holders of Allowed Claims.

1.35) <u>Estate Assets</u>-  collectively, all of the legal and equitable rights in and to all assets, property, interests, equipment, fixtures and effects, real and personal, tangible and intangible, wherever situated, held at any time by the Debtor.

1.36) <u>Executory Contract</u>- any executory contract or unexpired lease of real or personal property, as contemplated by Sections 365, 1113, and 1114 of the Bankruptcy Code, in effect on the Petition Date, between the Debtor and any Person.

1.37) <u>Final Decree</u>- means a Final Order of the Bankruptcy Court closing the Chapter 11 Case.

1.38) <u>Final Order</u> - An order or judgment as to which order or judgment (or any revision, modification or amendment thereof) (a) the time to appeal has expired and as to which no appeal has been filed, or (b) an order or judgment which has been appealed, has been affirmed on appeal and as to which appeal the time for further appeal has expired.

1.39) <u>Further distribution date</u> - the date distributions that are made subsequent to the distribution date defined above.

1.40) <u>General Unsecured Claim</u>- a Claim arising on or before the Petition Date that is not an Administrative Claim, a Priority Tax Claim, a Claim resulting from being the Holder of Interests of the Debtor or a Secured Claim.

1.41) <u>Holder-</u> the beneficial owner of any Claim or Interest.

1.42) <u>Impaired</u>- means, when used with reference to a Claim or Interest, a Claim or Interest that is impaired within the meaning of Section 1124 of the Bankruptcy Code.

1.43) <u>Insider</u> - Shall be defined as found in Section 101(31) of the Bankruptcy Code.

1.44) <u>Interest</u>- any stock, membership or other equity ownership interest in the Debtor and all dividends and distributions in respect of such stock or interest, all rights, options or other rights to acquire any equity ownership interest in the Debtor as of the Petition Date and any "equity security" interest in the Debtor as that term is defined in Section 101(16) of the Bankruptcy Code.

1.45) <u>Late Claim-</u> a Claim filed after the Bar Date or after any filing deadline applicable to such Claim.

1.46) <u>Net proceeds</u> - Shall refer to the gross proceeds actually recovered, less deduction

for any and all reasonable costs and expenses, including but not limited to reasonable and necessary attorneys' fees.

1.47) <u>Person</u>- means an individual, a corporation, a partnership, a limited liability company, an association, a joint stock company, a joint venture, an estate, a trust, an unincorporated organization, a government or any political subdivision thereof or other Entity.

1.48) <u>Petition Date</u>- means April 17, 2009, the date of commencement of the Debtor's case under chapter 11 of the Bankruptcy Code.

1.49) <u>Plan</u> - This Chapter 11 Plan of Reorganization, any exhibits annexed hereto and any documents delivered in connection herewith, as modified or amended from time to time by any duly authorized amendment or modification as and to the extent permitted herein or by Bankruptcy Code.

1.50) <u>Profit</u>- means net proceeds as indicated and defined in and by the schedule of projections.

1.51) <u>Priority Tax Claim</u>- means an Allowed Claim that is entitled to priority under Section 507(a)(8) of the Bankruptcy Code.

1.52 <u>Professional Fee Claim</u>- means a Claim of a Professional for compensation or reimbursement of costs and expenses relating to services incurred on or after the Petition Date through and including the Effective Date.

1.53) <u>Professional person</u> - Defined at Sections 327(a) and 328 of the Bankruptcy Code.

1.54) <u>Proof of Claim</u>- means any written statement filed under oath in the Chapter 11 Case by the Holder of a Claim, which statement (i) conforms substantially to Official Form 10, (ii) states the amount and basis of the Holder's claim and (iii) attaches or sufficiently identifies all documentation evidencing or otherwise supporting the Claim.

1.55) <u>Pro-rata</u> - With respect to an amount of cash to be paid or distributed on a particular claim, the ratio, as of such date, of the then outstanding amount of such allowed claim of such claimant in the particular class, to the aggregate of allowed claims and disputed claims in the particular class.

1.56) <u>Property</u> - shall refer to the Debtor's property as listed in the Schedules to the Bankruptcy Petition.

1.57)   Reserved.

1.58) Schedules- the Schedules, Statements and Lists filed by the Debtor with the Bankruptcy Court pursuant to Bankruptcy Rule 1007, as they have been and may be amended or supplemented from time to time.

1.59) Secured Claim- means any Claim that purports to be (i) secured by a valid, perfected, enforceable and non-avoidable Lien on any of the Debtor's assets or (ii) subject to setoff under Section 553 of the Bankruptcy Code.

1.60) Voting Deadline- means the deadline for voting to either accept or reject the Plan as fixed by the Bankruptcy Court in an order approving the Disclosure Statement or otherwise.

1.61) Other Definitions. Unless the context otherwise requires, any capitalized term used and not defined herein or elsewhere in the Plan but that is defined in the Bankruptcy Code, the Bankruptcy Rules, or the Disclosure Statement shall have the meaning set forth therein.

**2. CLASSIFICATION OF CLAIMS AND INTERESTS**

2.1) The allowed claims against the Debtor are divided into the following classes:

Class 1 - Allowed Administration claims
Class 2 - Allowed Priority DIP Loan of Paul Panos
Class 3 - Allowed Unsecured Priority claims
Class 4 - Allowed General Unsecured claims
Class 5- Allowed General Unsecured Subordinated claim of Doris Panos
Class 6 - Equity Claim of the Debtor's Principal

**3. TREATMENT OF CLAIMS**

**3.1) CLASS 1 ADMINISTRATIVE CLAIMS**

Upon the biannual distribution dates beginning in August 2010, or as soon thereafter as is practicable (and if such claim is for professional fees or expenses, upon a determination by the Court that such fees are reasonable and allowable), each holder of an allowed administration claim shall be paid in cash in full in an amount equal to 100% of each such allowed claim.

The estimated amount of administrative fees approaches $500,000.00.  With the consent

of each of the Administrative Creditors, the Debtor will seek a payout over two to three years.  The Debtor proposes to pay the Administrative Fees and expenses to Class 1 Claimants on a pro-rata basis over two to three years (assuming a profit of approximately  $120,000.00 - $226,000.00 per year).  Such payments will take place during years One, Two and Three of the plan.  This class is impaired.

**3.2) CLASS 2 - THE ALLOWED PRIORITY DIP LOAN OF PAUL PANOS**

Upon the effective date of the Plan, or as soon thereafter as is practicable, and upon the biannual distribution dates, or as soon thereafter as is practicable, Mr. Panos shall be paid in cash in full, on a pro-rata basis, the remaining DIP facility money ($55,000) plus interest during years One, Two and Three of the plan. The claim of  Mr. Panos will be paid on a pro rata basis with the Class One Creditors.  This will equal 100% of this allowed claim. This class is impaired.  There is one creditor in this class.

**3.3) CLASS 3- THE ALLOWED UNSECURED PRIORITY CLAIM OF THE  NYS DEPARTMENT OF TAXATION AND FINANCE**

This class contains claims of the  NYS Department of Taxation and Finance ("NYS"). Upon the effective date of the Plan, or as soon thereafter as is practicable, the Debtor shall pay the NYS Department of Taxation and Finance ("NYS"), NYS its allowed unsecured priority claim of $1,587.58.  This amount shall be paid upon the effective date of the Plan, or as soon thereafter as is practicable.  This class is not impaired.

**3.4) CLASS 4 - ALLOWED GENERAL UNSECURED CLAIMS**

Based on sales projections, expenses, cost of manufacturing inventory, etc., the Debtor estimates net profits to be as follows: for the year 2010, $196,982.00; for the year 2011, $181,670.00; for the year 2012, $198,092.00, for the year 2013, $222,636.00, for the year 2014, $250,135.00, for the year 2015, $285,883 and for the year 2016, $325,206.00.

The Debtor needs to retain some profit to fund ongoing working capital needs, and will pay 75% of profit out to unsecured creditors.  The Debtor anticipates that it can dedicate $108,000.00-$160,000.00 per year toward payment of unsecured creditors during Years Three, Four, Five (and if necessary), Six and Seven of the plan.  All Allowed Unsecured Claims, now estimated after further review in the amount of $1,500,000, will be paid pro rata from the above sums paid in installments over Years Three, Four, Five (and if necessary), Six and Seven of the plan.

The Debtor's proposes to make Plan payments for seven (7) years with a minimum payment of 10%to allowed unsecured creditors.  If the Debtor's new ventures are

successful and cash flow increases, the Debtor will increase the dividend to allowed unsecured creditors to a maximum of 40%. If the Debtor is able to pay a 40% distribution to allowed unsecured creditors before the seven years elapses, it shall be relieved of any further obligation to make distributions to unsecured creditors.

Distributions to unsecured creditors shall be made after the Debtor's allowed administrative expenses are paid in full. This class is impaired.

**3.5) CLASS 5 - ALLOWED GENERAL UNSECURED SUBORDINATED CLAIM OF DORIS PANOS**

Doris Panos holds a general unsecured claim in the amount of $300,000. This sum consists of loans Ms. Panos made to the Debtor over a span of many years. Ms. Panos will subordinate and waive her business loans of approximately $300,000. There will be no equity distribution to shareholders, except for salary, over the life of the Plan. This class is impaired.

**3.6) CLASS 6 - EQUITY CLAIM OF THE OF THE DEBTOR'S PRINCIPAL**

Class 6 consists of the allowed claim of Doris Panos, the shareholder of the Debtor. The shareholder shall retain her interests in the reorganized Debtor. The consideration for the retention of this equity interest shall be the subordination and waiving of her Allowed General Unsecured Subordinated claim and her design of all new inventory lines including but not limited to the DP Sterling line and the Costume Line developed for Home Shopping Network. There will be no new capital infusion by the shareholder. This Class shall retain its Equity Interest in the reorganized Debtor. There will be no equity distribution to shareholders, except for salary, over the life of the Plan.

**PART IV: MEANS OF EFFECTUATING THE PLAN**

4.1) The means of effectuating the proposed chapter 11 plan centers around the Debtor's sale of the remaining inventory of the Debtor. This inventory is valued at $560,000 (five hundred sixty thousand dollars) and will be sold in the ordinary course of the Debtor's business. The Debtor needs to retain some profit to fund ongoing working capital needs and to replenish inventory for sales. The Debtor will pay 75% of profit out to unsecured creditors in order to effectuate the plan.

4.2) The Debtor has obtained a judgment in its adversary proceeding, *Doris Panos Designs, Ltd. v. Rebecca Morse d/b/a Envi Jewelers, Tiffani Folkersken d/b/a Envi Jewelers and NV LLC d/b/a Envi Jewelers,* Ad. Pro. No. 09-08273-ast. In an Order and Judgment signed by the Court, the Debtor was awarded the amount of $ 122,439.88 with prejudgment interest from July 1, 2009. The Debtor will undertake the efforts necessary to collect the

judgment and disburse the proceeds in accordance with the formula outlined below. To the extent of any recovery, after the reimbursement of the reasonable costs of collection, the Creditor's Committee will split the net proceeds of collection of the ENVI judgment with 50% going directly to the unsecured creditors (this amount does not count toward the 40% maximum distribution under the Debtor's Plan) with the other 50% of the funds collected going to the Debtor's estate for distribution as provided by the Plan.

4.3) Although the Debtor has other "deals" in the making, including a deal with HSN and the development of a new "DP Sterling" line, the Debtor has no way of knowing how much income these "deals" will actually amount to over the course of the plan. These new ventures will not cost the Debtor additional funds to create inventory so they will not be a "drag" on the Debtor while they are developed. The Debtor therefore feels that it would not be prudent at this date to depend on monies from HSN or other new deals in order to effectuate a plan of reorganization.

4.4) The Debtor has provided future projections in order that creditors may make an informed decision about the Debtor's ability to meet its obligations and make the proposed biannual payments pursuant to the proposed chapter 11 plan. Those projections are annexed to the Debtor's Disclosure Statement as **Exhibit "B."**

**5. ACCEPTANCE OR REJECTION OF THE PLAN**

5.1) Impaired Classes of Claims and Interests Entitled to Vote. Claim and Interest Holders in each Impaired Class of Claims or Interests are entitled to vote as a Class to accept or reject the Plan.

5.2) Acceptance by an Impaired Class In accordance with Section 1126(c) of the Bankruptcy Code and except as provided in Section 1126(e) of the Bankruptcy Code, an Impaired Class of Claims shall have accepted the Plan if the Plan is accepted by the Holders of at least two-thirds in dollar amount and more than one-half in number of the Allowed Claims of such Class that have timely and properly voted to accept or reject the Plan. The claims in Classes 1, 2, 4 and 5 are impaired.

5.3) Presumed Acceptances by Unimpaired Classes. In accordance with Section 1124 of the Bankruptcy Code, Class 3 Claim Holders are not Impaired by the Plan. Under Section 1126(f) of the Bankruptcy Code, each Holder of a Claim in Class 3 is presumed to have accepted the Plan, and the votes of such Claim Holders will not be solicited.

5.4) Summary of Classes Voting on the Plan. As a result of the provisions of Sections 5.1-5.3 of the Plan, only the votes of Holders of Claims in Classes 1, 2, 4 and 5 will be solicited with respect to the Plan.

5.5)  Confirmation Pursuant to Section 1129(b) of the Bankruptcy Code.  To the extent that any Impaired Class rejects the Plan or is deemed to have rejected the Plan, the Proponent will request confirmation of the Plan, as it may be modified from time to time, under Section 1129(b) of the Bankruptcy Code. The Proponent reserves the right to alter, amend, modify, revoke or withdraw the Plan or any Plan exhibit or schedule, including the right to amend or modify it to satisfy the requirements of Section 1129(b) of the Bankruptcy Code, if necessary.

## 6. PROVISIONS CONCERNING DISTRIBUTIONS

6.1) Manner of payments under the Plan. Payments to be made pursuant to the Plan shall be made by check drawn on a domestic bank.

6.2) Rounding to the nearest dollar. Any other provision of the Plan to the contrary withstanding, no payments of portions of a Dollar will be made. Whenever any payment of a portion of a Dollar would otherwise be called for, the actual payment shall reflect a rounding of such fraction to the nearest whole Dollar (up or down).

6.3) Unclaimed cash. Except as otherwise provided herein, in the event any claimant fails to claim any cash within six (6) months from the date such cash is distributed, such claimant shall forfeit all rights thereof, and to any and all future payments, and thereafter the claim for which such cash was distributed shall be treated as a Disallowed Claim. In this regard, distributions to claimants entitled thereto shall be sent to their last known address set forth on a proof of claim filed with the Court or, if no proof of claim is filed, on the schedules filed by the Debtor, or to such other address as may be designated by a claimant in a writing delivered to the Debtor, with a copy to the Debtor's counsel at least one week prior to the distribution. All unclaimed cash shall be redistributed with the next distribution.

6.4) Distributed payments or distribution. In the event of any dispute between and among claimants (including the entity or entities asserting the right to receive the disputed payment or distribution) as to the right of any entity to receive or retain any payment or distribution to be made to such entity under the Plan, they may, in lieu of making such payment or distribution to such entity, make it instead into an escrow account or to a disbursing agent, for payment or distribution as ordered by a court of competent jurisdiction or as the interested parties to such dispute may otherwise agree among themselves.

6.5) Full and Final Satisfaction. All payments, distributions and transfers of cash or property under the Plan are in full and final satisfaction, settlement and release of all

claims against the Debtor and the estates of any nature whatsoever existing at the confirmation date. Except as otherwise provided in the Plan, the Confirmation Order or such other order of the Bankruptcy Court that may be applicable, on the latest to occur of (a) the Effective Date, (b) the entry of a Final Order resolving all Claims in the Chapter 11 Case and (c) the final distribution made to holders of Allowed Claims in accordance with the Plan, all Claims against the Debtor and Debtor in Possession, shall be discharged and released in full; provided, however, that, the Bankruptcy Court may, upon request by the Reorganized Debtor, and notice and a hearing, enter an order setting forth that such Claims shall be deemed discharged and released on such earlier date as determined by the Bankruptcy Court. All Persons and Entities shall be precluded from asserting against the Debtor, the Debtor in Possession, their successors or assigns, including, without limitation, the Reorganized Debtor, its agents and employees, or its respective assets, properties or interests in property, any other or further Claims based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to the Confirmation Date, whether or not the facts or legal bases therefor were known or existed prior to the Confirmation Date regardless of whether a proof of Claim was filed, whether the holder thereof voted to accept or reject the Plan or whether the Claim is an Allowed Claim.

Except as otherwise expressly provided in the Plan, the Confirmation Order or such other order of the Bankruptcy Court that may be applicable, all Persons or Entities who have held, hold or may hold Claims or any other debt or liability that is discharged, terminated or cancelled pursuant to the Plan are permanently enjoined, from and after the Effective Date, from (a) commencing or continuing in any manner any action or other proceeding of any kind on any such Claim or other debt or liability that is terminated or cancelled pursuant to the Plan against the Debtor, the Debtor in Possession or the Reorganized Debtor, the Debtor's estate, or its respective properties or interests in properties, (b) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or order against the Debtor, the Debtor in Possession or the Reorganized Debtor, the Debtor's estate, or its respective properties or interests in properties, (c) creating, perfecting, or enforcing any encumbrance of any kind against the Debtor, the Debtor in Possession or the Reorganized Debtor, or against its respective property or interests in property, and (d) except to the extent provided, permitted or preserved by sections 553, 555, 556, 559 or 560 of the Bankruptcy Code or pursuant to the common law right of recoupment, asserting any right of setoff, subrogation or recoupment of any kind against any obligation due from the Debtor, the Debtor in Possession or the Reorganized Debtor, or against their respective property or interests in property, with respect to any such Claim or other debt or liability that is discharged that is terminated or cancelled pursuant to the Plan.

## 7. TREATMENT OF EXECUTORY CONTRACTS AND LEASES

7.1) Except as provided herein, any and all executory contracts or leases of the Debtor which have already been rejected and any that are not expressly assumed herein, or in the Order confirming the Plan, or by Order of the Bankruptcy Court prior to the Effective Date or pursuant to a proceeding or motion commenced prior to the Consummation Date, are hereby rejected pursuant to Section 365 of the Bankruptcy Code.

7.2) The Debtor is assuming the postpetition lease with Red Wind Property Group, LLC for the showroom located at 2 Channel Drive, Suite 103, Port Washington, NY 11050.

7.3) Any entity whose claim arises from rejection of an executory contract or lease shall, to the extent such claim becomes an allowed claim, have the rights of an unsecured creditor with respect thereto.

7.4) Any entity who has a claim against the Debtor by virtue of the operation of Section 7.2 may file a claim with the Clerk of the Court and serve a copy of same upon the Debtor and Debtor's counsel within fifteen (15) days following the Confirmation Date or order authorizing such rejection, whichever is later. If such claim is not filed within the specified time, it shall be forever barred from assertion against the Debtor or his property.

## 8. PROCEDURES FOR RESOLVING DISPUTED CLAIMS

8.1) <u>Administrative Claims.</u> Any person or entity asserting an Administrative Claim, including a Professional Fee Claim, shall file a Proof of Claim in connection therewith or an application therefor with the Bankruptcy Court not later than thirty days after the Effective Date or by such date as may be fixed by the Court. Any Administrative Claim or Professional Fee Claim not filed within the deadlines set forth above shall be barred, and the Debtor shall be discharged of any obligation on such Claim.

8.2) <u>The Time for Objections to Claims.</u> Objections to Claims shall be filed by the Debtor with the Court and served upon each holder of each of the Claims to which objections are made not later than seven (7) days after the Confirmation Date or within such other time period as may be fixed by the Court, except that unless otherwise extended by Order of the Court, the Debtor may file an objection to the allowance of any Claim filed resulting from the rejection of an executory contract on the later of 45 days following the Confirmation Date or within 45 days after the filing of such Claim and service of a copy of such Claim upon the Debtor as provided for herein.

8.3) <u>Resolution of Disputed Claims</u>. Unless otherwise ordered by the Court, the Debtor

shall litigate to judgment, settle or withdraw objections to Disputed Claim, in its sole discretion, without notice to any party in interest.

8.4) Payments. Payments and distributions to each holder of a disputed claim that ultimately becomes an allowed claim by a Final Order of the Court shall be made in accordance with the Plan. Such payments and distributions shall be made within sixty (6) days after the later of the Distribution date or the entry of a Final Order allowing such Claim. Payments made in accordance with this section shall not include interest on the amount of such payment.

## 9. POST CONFIRMATION FINANCIAL REPORTING

9.1) Unless otherwise ordered by the Court, the Debtor will submit to the Court on a quarterly basis, regular reporting on the finances of the Debtor, including a list of sales made by the Debtor and expenses of the Debtor. Such report will be sent via first class mail to any creditor or party in interest that notifies the Debtor that it wants to receive copies of the reporting by sending such request in writing to Debtor's Counsel, Thaler & Gertler, LLP, at 90 Merrick Avenue, Suite 400, East Meadow, New York 11554, FAX # (516) 228-3396.

9.2) Within its business judgment, the Debtor agrees to limit its expenses to maximize profits necessary for the implementation of the plan. The Debtor will only be permitted to incur expenses during the life of the Plan which are (a) reasonable expenses for business purposes, (b) necessary for operation of the business and (c) not expenses incurred for items that are primarily for the personal benefit of the Debtor's principal or employees.

## 10. DEFAULT

10.1) Failure of the Debtor to make the cash distributions required under the Plan to any and all creditors within 30 days of the Distribution date, to provide the reporting set forth in Section 9.1 or failure of the Debtor to comply with any of the covenants or obligations contained in the Plan, which failure shall remain uncured for a period of ten (10) days after notice and an opportunity to cure, shall constitute a default under the Plan. The foregoing shall not be construed to prevent the implementation of any modification of the Plan, in accordance with the provisions of the Bankruptcy Code.

10.2) Upon a default under the Plan, if a Creditor seeks relief from the Court and the Court grants such relief, the Debtor shall reimburse the Creditor for attorneys' fees and other reasonable expenses incurred by the Creditor in seeking relief from the Court.

## 11. RETENTION OF JURISDICTION

11.1) The Court shall retain jurisdiction of this Chapter 11 case pursuant to and for the purposes set forth in Section 1127(b) of the Code and:

>(a) to hear and determine all controversies concerning allowance of Claims;
>(b) to determine any and all applications for compensation for Professional Persons and similar fees;
>(c) to hear and determine any and all pending applications for the rejection or assumption or for the assumption and assignment, as the case may be, of executory contracts to which the Debtor is a party or with respect to which the Debtor may be liable, and to hear and determine, and if need be to liquidate, any and all Claims arising therefrom;
>(d) to determine any and all applications, adversary proceedings, and contested or litigated matters properly before the Court;
>(e) to modify the Plan pursuant to Section 1127 of the Bankruptcy Code or to remedy any defect or omission or reconcile and inconsistency in the Confirmation Order to the extent authorized by the Bankruptcy Code;
>(f) to hear and determine all controversies, suits and disputes, if any, as may arise in connection with the interpretation or enforcement of the Plan;
>(g) to hear and determine all controversies, suits and disputes, if any, as may arise with regard to orders of this Court in the Chapter 11 case entered on or before the Confirmation Date;
>(h) to hear and determine any and all controversies and disputes arising under, or in connection with, the Plan;
>(i) to adjudicate all controversies concerning the classification of any Claim;
>(j) to liquidate damages in connection with any disputed, contingent or unliquidated Claims;
>(k) to adjudicate all Claims to a security or ownership interest in any property of the Debtor or in any proceeds thereof;
>(l) to adjudicate all claims or controversies arising out of any purchases, sales or contracts made or undertaken by the Debtor during the pendency of the Chapter 11 case;
>(m) to recover all assets and properties of the Debtor wherever located, including the prosecution and adjudication of all causes of action available to the Debtor as at the Confirmation Date;
>(n) to enter any order, including injunctions necessary to enforce the title, rights and powers of the Debtor and to impose such limitations, restrictions, terms and conditions on such title, rights and powers that the Court may deem necessary or appropriate;
>(o) to enter an order of Consummation concluding and terminating the Chapter

11 case;
(p) to hear and determine adversary proceedings seeking the recovery of fraudulent conveyances, preferences or property or assets of the estate; and
(q) to make such orders as are necessary or appropriate to carry out the provisions of the Plan, including but not limited to orders interpreting, clarifying or enforcing the provisions thereof.

## 12. MISCELLANEOUS PROVISIONS

12.1) Payment Dates. If any payment or act under the Plan is required to be made or falls on a date which shall be a Saturday, Sunday or legal holiday, then the making of such payment or the performance of such act may be completed on the next succeeding business day, but shall be deemed to have been completed as of the required date.

12.2) Effect of Appeals. Unless the Confirmation Order is stayed pending appeal, at the option of the Proponents, upon their agreement in writing, the Plan may be consummated notwithstanding the pendency of an appeal from the Confirmation Order or the timely service of filing a motion under Bankruptcy Rules 7052, 8002, 8003, 8015, 9023 or 9024.

12.3) Notices. Any notice to be provided under the Plan shall be in writing and sent by certified mail, return receipt requested, postage pre-paid (with additional copy to Debtor's counsel by fax); or by hand delivery, addressed as follows:

>To the Debtor' counsel:
>Thaler & Gertler, LLP
>90 Merrick Avenue, Suite 400
>East Meadow, New York 11554
>FAX # (516) 228-3396

All payments, notices and requests to Claimants, shall be sent to them at their last known address. The Debtor or any Claimant may designate in writing any other address for purposes of this section, which designation shall be effective upon receipt, which receipt shall be deemed to be on the third business day after mailing. Any payment required under the Plan shall be deemed to have been paid on the date when such payment is mailed.

12.4) Professional Fees. Following the Confirmation Date, the estate of the Debtor shall be responsible for payment, and shall pay reasonable compensation and reimbursement

of expenses due to professionals retained by Debtor (the "Professionals"), for services rendered post-confirmation. Payment shall be made upon the submission of invoices, by the Professionals to the Debtor, within fifteen (15) days of receipt of the invoices, without approval or review by the Court, unless an objection is raised. In the event an objection is raised, then appropriate applications for reimbursement shall be made to the Court and paid upon order of the Court.

12.5) <u>Headings.</u> The headings used in the Plan are inserted for convenience only and are not to be deemed a substantive portion of the Plan nor in any manner are they to affect the provisions of the Plan.

12.6) <u>Modifications and Amendments</u>. The Proponents may alter, amend, or modify the Plan or any Plan exhibit under Section 1127(a) of the Bankruptcy Code at any time prior to the Confirmation Date. After the Confirmation Date and prior to the substantial consummation of the Plan, as defined in Section 1101(2) of the Bankruptcy Code, the Proponent may, under Section 1127(b) of the Bankruptcy Code, institute proceedings in the Bankruptcy Court to remedy any defect or omissions or reconcile any inconsistencies in the Plan, the Disclosure Statement, or the Confirmation Order, and such matters as may be necessary to carry out the purposes and effects of the Plan and such proceedings as do not materially adversely affect the treatment of Holders of the Claims under the Plan; <u>provided</u>, <u>however</u>, that prior notice of such proceedings shall be served in accordance with the Bankruptcy Rules or other Order of the Bankruptcy Court.

12.7) <u>Severability.</u> If, prior to Confirmation, any term or provision of the Plan is held by the Bankruptcy Court to be invalid, void or unenforceable, the Bankruptcy Court, upon the written request of all of the Proponents, shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void or unenforceable, and such term or provision shall then be applicable as altered or interpreted.

Notwithstanding any such holding, alteration or interpretation, the remainder of the terms and provisions of the Plan shall remain in full force and effect and shall in no way be affected, impaired or invalidated by such holding, alteration or interpretation. The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of the Plan, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms.

12.8) <u>Governing Law</u>. Except to the extent that the Bankruptcy Code is applicable, the rights and obligations arising under the Plan shall be governed by, and construed and

enforced in accordance with, the laws of the State of New York.

12.9) Successors and Assigns. The rights and obligations of any entity named or referred to in the Plan shall be binding upon and shall inure to the benefit of, the successors and assigns of such entity.

12.10. Limitation of Liability.  (a) Neither the Proponent, Creditors' Committee nor any of their respective present or former members, officers, directors, employees, advisors, or attorneys shall have or incur any liability to any Holder of a Claim or an Interest, or any other party in interest, or any of their respective agents, employees, representatives, financial advisors, attorneys, or affiliates, or any of their successors or assigns, for any act or omission occurring after the Petition Date and in connection with, relating to, or arising out of, the Chapter 11 Case, formulating, negotiating or implementing the Plan, solicitation of acceptances of the Plan, the pursuit of Confirmation of the Plan, the consummation of the Plan, the Confirmation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, except for their recklessness or willful misconduct.

(b) Notwithstanding any other provision of the Plan, no Holder of a Claim or Interest, no other party in interest, none of their respective agents, employees, representatives, financial advisors, attorneys, or affiliates, and no successors or assigns of the foregoing, shall have any right of action against the Proponents or the Creditors' Committee or any of their respective present or former members, officers, directors, employees, advisors or attorneys, for any act or omission occurring after the Petition Date and in connection with, relating to, or arising out of, the Chapter 11 Case, formulating, negotiating or implementing the Plan, solicitation of acceptances of the Plan, the pursuit of Confirmation of the Plan, the consummation of the Plan, the Confirmation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, except for their recklessness or willful misconduct.

(c) The Debtor shall indemnify the Proponent, Creditors' Committee or any of their respective present or former officers, directors, employees, advisors or attorneys for any costs, fees or expenses incurred to enforce provisions contained in Section 12.10.

12.11. Revocation, Withdrawal, or Non-Consummation.  The Proponent reserves the right, upon consultation with the Creditors' Committee, to revoke or withdraw the Plan at any time prior to the Confirmation Date and to file subsequent plans of reorganization. If the Proponent revokes or withdraws the Plan, or if Confirmation or consummation does not occur, then (a) the Plan shall be null and void in all respects, (b) any settlement or compromise embodied in the Plan (including the fixing or limiting to an amount certain any Claim or Class of Claims), assumption or rejection of Executory

Contracts affected by the Plan, and any document or agreement executed pursuant to the Plan shall be deemed null and void, and (c) nothing contained in the Plan, and no acts taken in preparation for consummation of the Plan, shall constitute or be deemed to constitute a waiver or release of any Claims by or against, or any Interests in, the Debtor or any other Person, prejudice in any manner the rights of the Debtor or any Person in any further proceedings involving the Debtor, or constitute an admission of any sort by the Debtor or any other Person.

12.12) **Re-vesting of Property upon Confirmation.** Upon the confirmation of this Plan, the Debtor shall be re-vested with legal and equitable title to its property and the property of the estate.

12.13) **Prepayment**. Except as otherwise provided in the Plan, any ancillary documents entered into in connection therewith or the Confirmation Order, the Debtor shall have the right to prepay, without penalty, all or any portion of an Allowed Claim at any time; provided, however, that any such prepayment shall not be violative of, or otherwise prejudice, the relative priorities among the classes of Claims.

12.14. **Term of Stay.** Unless otherwise provided herein or in the Confirmation Order, all injunctions or stays provided for in the Chapter 11 Case under Sections 105 or 362 of the Bankruptcy Code or otherwise, and extant on the Confirmation Date (excluding any injunctions or stays contained in the Plan or the Confirmation Order), shall remain in full force and effect until the Effective Date.

**Dated: Port Washington, NY**  
    **July 14, 2010**

**DORIS PANOS DESIGNS, LTD**

**BY:** **/s/ Doris Panos**  
**Doris Panos, President**

**Dated: East Meadow, New York**  
    **July 14, 2010**

**THALER & GERTLER, LLP**  
**Attorneys for Doris Panos Designs, Ltd.,**  
**Debtor in possession**  
**90 Merrick Avenue, Suite 400**  
**East Meadow, New York 11554**  
**(516) 228-3553**

**By:** **/s/ Richard G. Gertler**  
**Richard G. Gertler, Esq.**

W:\Clients A-Z\Clients A-E\Doris Panos Designs\Bankruptcy\Plan & Disclosure statement\DPD plan v6.wpd